UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARSHALL LUTHER SALTER,

v.   Case No. 8:02-cr-308-T-17TGW
     8:04-cv-67-T-17TGW

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Salter (Salter's) motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-146).

BACKGROUND

On March 19, 2003, Salter pled guilty to conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841 (a)(1) (Count One), pursuant to a written plea agreement. Docs. cr-74, cr-90. Pursuant to the plea agreement, Salter expressly waived his right to appeal his sentence:

> ... directly or collaterally, on any ground, including the applicability of the "safety valve" provisions of 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the *sentencing* judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Doc. cr-74 , p. 14, ¶ 5.

On June 30, 2003, the Court sentenced Salter to a 120-month mandatory minimum term of imprisonment. Doc. cr-118. Salter did not file a direct appeal.

On January 15, 2004, Salter filed the present section 2255 motion (Doc. cv-1), claiming the following grounds for relief:

    a.    Salter received ineffective assistance of counsel when his counsel failed to:

        i.    challenge the criminal history category II adopted by the Court based on two prior convictions;

        ii.    request application of the safety valve provisions; and

        iii.    request a downward departure based on Salter's minor role in the offense, age and health.

    b.    The Court erred by imposing a sentence based on a criminal history category II;

## DISCUSSION

Procedural default bars Salter's claim that the Court erred in assessing a criminal history point for a prior conviction wherein Salter was not sentenced to a term of imprisonment.[1] Salter failed to raise this claim in the District Court prior to judgment in his criminal case and on direct appeal in his criminal case. Thus, Salter is not entitled to relief because he has procedurally defaulted his claim.

Ordinarily, claims that previously were available and were not raised on direct appeal are procedurally defaulted and barred from consideration on collateral review absent a showing of cause and actual prejudice or actual innocence. See Bousley v. United States, 523 U.S. 614, 622-24 (1998); United States v. Frady, 456 U.S. 152, 166 (1982); McCoy v.

---

[1] This prior conviction is identified in Salter's presentence report at ¶ 68.

United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 122 S.Ct. 2362 (2002).

In order to show sufficient cause for the procedural default, a Defendant must present a showing of some external impediment preventing counsel from raising the claim. Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir.), cert. denied, 115 S. Ct. 1841 (1995) (citing McCleskey v. Zant, 499 U.S. 467 (1991)). The futility of raising a claim does not constitute sufficient cause to excuse the default. Bousley, 523 U.S. at 623; Jones v. United States, 153 F.3d 1305, 1307-08 (11th Cir. 1998). Nor do ordinary mistakes of counsel constitute cognizable cause.  See Murray v. Carrier, 477 U.S. 478, 487-88 (1986).

"Actual prejudice" is prejudice that impacts constitutional or fundamental rights. United States v. Frady, 456 U.S. 152. 166 (1982) (citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977)). The burden of demonstrating actual prejudice is greater than the burden of demonstrating plain error. Id.

In the present case, Salter claims his counsel's ineffective performance is the cause of his procedural default. As demonstrated below, Salter's counsel was not ineffective, and Salter's criminal history points were properly scored by the Probation Office and the Court. Therefore, Salter fails to show cause.

Salter asserts that since he did not receive a sentence of a term of imprisonment for his conviction for theft from a utility, points should not have been attributed for this conviction. Doc. cv-1, p. 8. Salter admits he was sentenced to ten days, but states he did not serve any time in jail because the court allowed him to perform community service instead. Doc. cv-1, p. 8. Salter mistakenly relies on United States v. McCrary, 887 F.2d 485 (4th Cir. 1989), wherein the Fourth Circuit held that a suspended sentence is not a term of imprisonment and for a sentence "[t]o qualify as a sentence of imprisonment, the defendant

3

must have actually served a period of imprisonment." Id. at 488. This case is not applicable in Salter's case.

Pursuant to USSG §4A1.1(c), Salter was properly assessed one criminal history point for his conviction for theft from a utility, as well as one point for his prior conviction for shoplifting. PSR, p. 12, ¶ ¶ 68, 69. Such an assessment does not require a term of imprisonment. According to USSG §4A1.1 (c), one point is added "for each prior sentence not counted in (a) or (b),[2] up to a total of 4 points. Thus, the Court properly adopted the guideline calculations presented in the PSR and assessed two criminal history points for Salter's prior convictions, resulting in a criminal history category of II. Furthermore, because the sentencing calculations were proper, Salter fails to demonstrate any resulting prejudice.

Therefore, Salter has failed to demonstrate cause or prejudice resulting from his failure to raise this issue previously. Thus, Salter's claim is procedurally barred.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Salter claims his counsel rendered ineffective assistance when counsel failed to challenge the Court's calculation of Salter's criminal history as addressed above (ground b). The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984);

---

[2] USSG §4A1.1(a) allows for three points to be added "for each prior sentence of imprisonment exceeding one year and one month;" and USSG §4A1.1(b) allows for two points to be added "for each prior sentence of imprisonment of at least sixty days not counted in (a)."

see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984).

Ineffectiveness of counsel may be grounds for vacating conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir.1995).

Regarding Salter's allegation that his counsel rendered ineffective assistance for not challenging the Court's calculation of Salter's criminal history, Salter's claim is without merit. As demonstrated above, Salter's criminal history was properly calculated. Therefore, Salter fails to show any prejudice resulting from his counsel's actions and Salter is not entitled to any relief.

Salter also claims his counsel was ineffective for not requesting application of the safety valve provisions. The safety-valve provision, which is codified at 18 U.S.C. § 3553(f), provides that a defendant may obtain a reduction in his offense level if the following criteria are met:

(f) Limitation on applicability of statutory minimums in certain cases.-- [I]n the

>case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963), the court shall impose a sentence pursuant to [the sentencing guidelines] without regard to any statutory minimum sentence, if the court finds at sentencing ... that --
>
>>(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>>
>>(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>>
>>(3) the offense did not result in death or serious bodily injury to any person;
>>
>>(4) the defendant was not an organizer, *leader,* manager, or supervisor of others in the offense ... and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Control/ed Substances Act; and
>>
>>(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

See also USSG §5C1.2.  In the present case, Salter had two criminal history points which disqualified him for safety valve provisions. Further, Salter waived his right to challenge application of the safety valve provisions in his plea agreement. Doc. cr-74, p. 14, ¶ 5.

In addition, Salter asserts his counsel was ineffective for failing to request a downward departure for his alleged minor role in the offense as well as for his age and health. Salter fails to provide any support for this allegation.

6

The Sentencing Guidelines provide for a range of mitigating role adjustments for a defendant who is "substantially less culpable than the average participant." USSG § 381.2, comment. (backg'd.). A minor participant, defined as any participant who is less culpable than most other participants but whose role could not be described as minimal, receives a two-level downward adjustment, while a minimal participant, defined as a participant who is plainly among the least culpable of the group, receives a four-level downward adjustment. USSG § 381.2; United States v. Cacho, 951 F.2d 308, 309 (11th Cir. 1992). A determination of a defendant's role in the offense is heavily dependent on the facts of the particular case, USSG § 381.2, comment. (backg'd.); United States v. Rodriguez DeVaron, 175 F.3d 930, 938 (11th Cir. 1999) (en banc), cert. denied, 528 U.S. 976 (1999), and "[t]he proponent of the downward adjustment. .. always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence," United States v. Rodriguez DeVaron, 175 F.3d at 939. In determining a defendant's role in the offense, a district court must first measure the defendant's role against the relevant conduct attributed to him in calculating his base offense level and then measure the defendant's culpability in comparison to that of the other participants in the relevant conduct. Id. at 939-44.

In Salter's case, the Court recited the facts of the case at Salter's guilty plea hearing. Salter admitted that he sold crack cocaine along with Donna Marie Stevens from a residence at 30718 Garr Drive in Wesley Chapel. Doc. cr-137, pp. 18-20. There is no indication Salter's role was "substantially less culpable than the average participant," nor does Salter now claim his role was. There also is no evidence that Salter's health or age warranted any departure at sentencing.

Therefore, Salter has failed to meet both prongs of the Strickland test because he

has failed to demonstrate deficient performance and resulting prejudice. Therefore, Salter is entitled to no relief on this claim or on any of the claims in his motion to vacate.

Accordingly, the Court orders:

That Salter's motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-146) is denied.  The Clerk is directed to enter judgment against Salter in the civil case and to close that case.

ORDERED in Tampa, Florida, on June 10, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

```
AUSA: Maria C. Lopez
Pro se litigant: Marshall Luther Salter
```